**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Jahan C. Sagafi (*pro hac vice* application
   forthcoming)
Katrina L. Eiland (*pro hac vice* application
   forthcoming)
1 Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (347) 390-2187

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* application
   forthcoming)
Paolo C. Meireles
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831



RECEIVED
MAR 05 2015
U.S.D.C. S.D.N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW BLUM and ZAQ HARRISON, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>          Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Andrew Blum and Zaq Harrison ("Plaintiffs"), individually and on behalf of all

others similarly situated, by their attorneys at Outten & Golden LLP and Shavitz Law Group,

P.A., allege, upon personal knowledge as to themselves and upon information and belief as to

other matters, as follows:

### PRELIMINARY STATEMENT

1.     Plaintiffs, former Financial Advisor Trainees employed by Defendants Merrill

Lynch & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Bank of America

Corporation (collectively "Defendants") in the "Development Stage" of Defendants' Practice

Management Development ("PMD") Program who were paid on a salary basis, bring this action

on behalf of themselves and other similarly situated current and former salaried Financial

Advisor Trainees and persons in similar positions regardless of their precise titles who performed

work for Defendants while in the Development Stage of the PMD Program (collectively,

"Development Stage Trainees").

      2.     Defendants unlawfully denied Development Stage Trainees pay for overtime

hours they worked in violation of the Fair Labor Standards Act ("FLSA") and state law.

      3.     Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith,

Inc., wholly-owned subsidiaries of Bank of America Corporation, provide financial and

investment services to customers across the United States, and manage over $2 trillion in client

assets.

      4.     Defendant Bank of America Corporation is one of the largest banks in the United

States and one of the largest brokerage firms in the world.

      5.     Defendants have employed Development Stage Trainees at their locations

nationwide.

      6.     Pursuant to corporate policies formulated in whole or in part at Defendants'

headquarters in New York, and applicable at Defendants' locations nationwide, Defendants have

misclassified Development Stage Trainees as exempt from federal overtime pay requirements.

      7.     Pursuant to corporate policies formulated in whole or in part at Defendants'

headquarters in New York, and applicable at Defendants' locations nationwide, Defendants have

encouraged and required Development Stage Trainees to work more than 40 hours per

workweek, but have not compensated them for all of their hours worked.

8.      By the conduct described in this Class and Collective Action Complaint, Defendants have willfully violated the FLSA and state law by failing to pay their employees, including Plaintiffs, proper wages as required by law.

9.      Plaintiffs seek to recover unpaid wages that Defendants owe them and similarly situated current and former Development Stage Trainees.  They bring this action under the FLSA, 29 U.S.C. §§ 201 *et seq.*, on behalf of themselves and all similarly situated current and former Development Stage Trainees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

10.     Plaintiff Zaq Harrison (the "Maryland Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Development Stage Trainees who worked for Defendants in Maryland pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment §§ 3-401 *et seq.* and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor & Employment §§ 3-501 *et seq.*

11.     On or about August 18, 2014, Plaintiffs and Defendants entered into a tolling agreement to toll the statute of limitations on any claim under the FLSA or Maryland state wage and hour law for Plaintiffs and those Development Stage Trainees or employees in similar job positions with different titles who worked for Defendants in the United States, effective as of August 5, 2014.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

13.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.     This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

15.     This Court also has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332(d).  There are more than 100 members of the proposed class.  At least some of the members of the proposed class are citizens of a different state than Defendants.  The claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

16.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants regularly conduct business and are subject to the Court's personal jurisdiction in this District.

## THE PARTIES

### Plaintiffs

#### *Plaintiff Andrew Blum*

18.     Plaintiff Andrew Blum ("Blum") is resident of Stuart, Florida.

19.     Blum was directly employed by Defendants in their PMD Program from approximately November 2011 to November 2012.  He was a Development Stage Trainee beginning in approximately March 2012 for approximately three months.  Merrill Lynch, Pierce, Fenner & Smith, Inc. was the entity listed on Blum's W-2s.

20.     Blum worked for Defendants in one of its locations in Stuart, Florida.

21.     Blum's primary duties as a Development Stage Trainee included inside sales and customer service.

22.     Blum exercised little or no independent discretion and judgment in performing his primary duties.

23.     Pursuant to a centralized, company-wide policy, pattern, and/or practice set in whole or in part at Defendants' headquarters in New York, Defendants misclassified Blum as exempt from federal overtime.

24.     Pursuant to Defendants' policy, pattern, and/or practice, Blum regularly worked more than 40 hours in a workweek but was not compensated for overtime hours worked.

25.     Throughout his employment with Defendants, during almost every week that Blum worked for Defendants, he worked from approximately 8:00 a.m. to 6:00 p.m., Monday through Friday.

26.     Throughout his employment with Defendants, in addition to his regular schedule, Blum attended client prospecting functions in the evening approximately two to three times per week, which lasted for approximately two to four hours per function.  Approximately once per weekend, Blum also attended client prospecting functions, which lasted between approximately two and eight hours.

27.     Throughout his employment with Defendants, Blum regularly worked through his lunch breaks.

28.     Defendants failed to keep accurate records of the hours that Blum worked.

29.     Blum is aware of the hours that other Development Stage Trainees worked because he worked alongside other Development Stage Trainees, regularly communicated with other Development Stage Trainees, and attended prospecting functions with other Development

Stage Trainees.

30.   A written consent to join form for Blum is attached hereto as Exhibit A.

**Plaintiff Zaq Harrison**

31.   Plaintiff Zaq Harrison ("Harrison") is a resident of Baltimore, Maryland.

32.   Harrison was directly employed by Defendants in their PMD Program from approximately October 2011 to December 2012.  He was a Development Stage Trainee beginning in approximately December 2011 for approximately three months.  Merrill Lynch, Pierce, Fenner & Smith, Inc. was the entity listed on Harrison's W-2s.

33.   Harrison worked for Defendants at one of its locations in Towson, Maryland.

34.   Harrison's primary duties as a Development Stage Trainee included inside sales and customer service.

35.   Harrison exercised little or no independent discretion and judgment in performing his primary duties.

36.   Pursuant to a centralized, company-wide policy, pattern, and/or practice set in whole or in part at Defendants' headquarters in New York, Defendants misclassified Harrison as exempt from federal and state overtime.

37.   Pursuant to Defendants' policy, pattern, and/or practice, Harrison regularly worked more than 40 hours in a workweek but was not compensated for overtime hours worked.

38.   Throughout his employment with Defendants, during almost every week that Harrison worked for Defendants, he worked from approximately 7:20 a.m. to 8:00 p.m., Monday through Thursday and from approximately 7:20 a.m. to 5:00 p.m. on Fridays.  In addition, he typically worked from approximately 12:00 p.m. to 8:00 p.m. on Sundays.

39.     Throughout his employment with Defendants, on average, approximately once per week, Harrison participated in call nights from approximately 5:00 p.m. to 9:00 p.m. Additionally, on average, approximately one to two times per week, Harrison attended client prospecting functions from approximately 7:00 p.m. to 10:00 p.m.  On the evenings that he participated in these call nights and client prospecting functions, Harrison typically worked one to two hours beyond his regular schedule.

40.     Throughout his employment with Defendants, Harrison regularly worked through his lunch breaks.

41.     Defendants failed to keep accurate records of the hours that Harrison worked.

42.     Harrison is aware of the hours that other Development Stage Trainees worked because he worked alongside other Development Stage Trainees and often spoke to and shared information with these other Development Stage Trainees about their work for Defendants.

43.     A written consent to join form for Harrison is attached hereto as Exhibit B.

**Defendants**

***Defendant Merrill Lynch & Co., Inc.***

44.     Upon information and belief, Defendant Merrill Lynch & Co., Inc. is a Delaware corporation doing business within New York County in the State of New York.  Merrill Lynch & Co., Inc. is a wholly owned subsidiary of Bank of America Corporation.

***Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.***

45.     Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. is a Delaware corporation doing business within New York County in the State of New York and maintains corporate headquarters within the City and County of New York at 4 World Financial Center, New York, New York 10080.  Merrill Lynch, Pierce, Fenner & Smith, Inc. is a

wholly-owned subsidiary of Bank of America Corporation and Merrill Lynch & Co., Inc.

***Defendant Bank of America Corporation***

46.     Upon information and belief, Defendant Bank of America Corporation is a Delaware corporation doing business within New York County in the State of New York.

47.     During all relevant times, each Defendant employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former Development Stage Trainees, and directly or indirectly, jointly or severally, including without limitation, directly or indirectly controlled and directed the terms of employment and compensation of Plaintiffs and other similarly situated current and former Development Stage Trainees.  Upon information and belief, Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employees within the meaning of the FLSA and Maryland law.

48.     Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former Development Stage Trainees, including without limitation, those terms and conditions relating to the claims alleged herein.

49.     During all relevant times, Defendants were Plaintiffs' employer or joint employer within the meaning of all applicable statutes.

50.     Upon information and belief, at all times pertinent hereto, each Defendant has employed more than five hundred people.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for Defendants as Development Stage Trainees nationwide on or after

August 5, 2011 (the "Collective").

52.     Plaintiffs are similarly situated to other Development Stage Trainees.

53.     Defendants subjected Plaintiffs and other Development Stage Trainees to the same unlawful compensation policies including, but not limited to classifying them as exempt from the protections of the FLSA, encouraging them to work overtime hours without compensation, and failing to compensate them for overtime hours they worked.

54.     Plaintiffs and other Development Stage Trainees had the same or similar primary job duties – namely, inside sales and customer service.

55.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other Development Stage Trainees.  There are many similarly situated current and former Development Stage Trainees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### The Maryland Class

56.     Maryland Plaintiff brings the Second Cause of Action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all persons who have worked for Defendants as Development Stage Trainees in Maryland between August 5, 2011 and the date of final judgment in this matter (the "Maryland Class").

57.     Excluded from the Maryland Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Maryland Class.

58.    The members of the Maryland Class are so numerous that joinder of all members is impracticable.

59.    Upon information and belief, the size of the Maryland Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

60.    Defendants have acted or have refused to act on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Class as a whole.

61.    Common questions of law and fact exist as to the Maryland Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    whether Defendants violated the Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment §§ 3-401 *et seq.* and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor & Employment §§ 3-501 *et seq.*;

    b.    whether Defendants failed to compensate Maryland Plaintiff and the Maryland Class for hours worked in excess of 40 hours per workweek;

    c.    whether Defendants misclassified Maryland Plaintiff and members of the Maryland Class;

    d.    whether Defendants' policy and pattern or practice of classifying Maryland Class Members as exempt from overtime entitlement under Maryland law and Defendants' policy and pattern or practice of failing to pay overtime to Maryland Class Members violate applicable provisions of Maryland law, including applicable statutory and regulatory authority;

    e.    whether Defendants unlawfully failed to keep records of the hours worked by Maryland Plaintiff and the Maryland Class members in violation of the Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment § 3-424;

10

f.   whether Defendants unlawfully failed to pay the Maryland Plaintiff and Maryland Class members all wages due within the time required by law after their employment ended in violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor & Employment § 3-505; and

g.   the nature and extent of Maryland Class Members' injuries and the appropriate measure of damages for Maryland Class Members.

62.     Maryland Plaintiff's claims are typical of the claims of the Maryland Class he seeks to represent.  Maryland Plaintiff and all members of the Maryland Class work, or have worked, for Defendants as Development Stage Trainees in the state of Maryland.  Maryland Plaintiff and members of the Maryland Class enjoy the same statutory rights under Maryland law to be paid overtime wages.  Maryland Plaintiff and members of the Maryland Class have all sustained similar types of damages as a result of Defendants' failure to comply with the Maryland Wage Laws.  Maryland Plaintiff and the members of the Maryland Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

63.     Maryland Plaintiff will fairly and adequately represent and protect the interests of the members of the Maryland Class.  Maryland Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Maryland Plaintiff recognizes that as a class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Maryland Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the interests of the class.  Maryland Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Maryland Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Maryland Plaintiff has retained counsel competent and experienced in complex class actions and employment

litigation.  There is no conflict between Maryland Plaintiff and the Maryland Class members.

64.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Maryland Class have been damaged and are entitled to recovery as a result of Defendants' violation of the Maryland Wage Laws as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Maryland Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Maryland Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

65.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

66.     The primary duties of all Development Stage Trainees include inside sales and customer service.

67.     During the Development Stage of the PMD Program, Development Stage Trainees are expected to engage primarily in lead generation activities:  identifying potential clients, qualifying potential clients, calling potential clients, and conducting appointments with potential clients to encourage them to do business with Defendants.

68.     Development Stage Trainees exercise little or no independent discretion and judgment in performing their primary duties.

69.     Pursuant to a centralized, company-wide policy, pattern, and/or practice set in whole or in part at Defendants' headquarters in New York, Defendants classified all of their Development Stage Trainees as exempt from federal overtime protections regardless of where they worked.

70.     Defendants did not perform a person-by-person analysis of each Development Stage Trainee's job duties in making their decision to classify all of their Development Stage Trainees as exempt from federal overtime protections.

71.     As a result of their decision to classify Development Stage Trainees as exempt from federal overtime protections, Defendants failed to pay Plaintiffs and other Development Stage Trainees for any of the hours they worked over 40 in a workweek.

72.     Defendants failed to keep accurate records of the hours that Plaintiffs and other Development Stage Trainees worked.

73.     Throughout the relevant period, it has been Defendants' policy, pattern, and/or practice to require, suffer, or permit Plaintiffs and other Development Stage Trainees to work in excess of their scheduled hours without paying them for all hours worked, including overtime hours worked.

74.     Development Stage Trainees regularly worked through their lunch breaks.

75.     Defendants regularly required Development Stage Trainees to stay several hours beyond their regular schedules to participate in meetings with bank staff, participate in "call nights," and/or attend client prospecting events.

76.     All of the work that Plaintiffs and other Development Stage Trainees have performed has been assigned by Defendants, and/or Defendants have been aware or should have been aware of all of the work that Plaintiffs and other Development Stage Trainees have

performed.

77.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA.  This policy, pattern, and/or practice includes but is not limited to:

    a.     willfully misclassifying Plaintiffs and other Development Stage Trainees as exempt;

    b.     willfully failing to pay Plaintiffs and other Development Stage Trainees proper overtime wages for hours that they worked in excess of 40 hours in a workweek; and

    c.     willfully failing to record and properly compensate for all of the time that Plaintiffs and other Development Stage Trainees have worked for the benefit of Defendants.

78.     Defendants are aware or should have been aware that the FLSA requires them to pay Plaintiffs and other Development Stage Trainees for all hours worked, and to pay them an overtime premium for hours worked in excess of 40 hours per workweek.

79.     Defendants' conduct alleged herein has been widespread, repeated, and consistent, and it is contrary to the FLSA.

80.     Development Stage Trainees were paid on a purported salary basis and therefore, were not paid an overtime premium for any hours worked over 40 per workweek.

81.     Defendants classified Development Stage Trainees as exempt workers.

## FIRST CAUSE OF ACTION
### FLSA:  Unpaid Overtime Wages
**Brought by Plaintiffs Individually and on Behalf of the Collective**

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     At all relevant times, Plaintiffs and other similarly situated current and former Development Stage Trainees were engaged in commerce and/or the production of goods for

commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

84.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

85.     Defendants were and are employers of Plaintiffs and other similarly situated current and former Development Stage Trainees and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

86.     At all relevant times, Plaintiffs and other similarly situated current and former Development Stage Trainees were and are employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

87.     Defendants have failed to pay Plaintiffs and other similarly situated current and former Development Stage Trainees the wages to which they were entitled under the FLSA. Defendants have also failed to properly calculate Plaintiffs' and other similarly situated current and former Development Stage Trainees' regular rate by failing to include bonuses and/or other incentive pay in their regular and overtime rates of pay in violation of the FLSA.

88.     Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.


89.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity or operation of law.

90.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated current and former Development Stage Trainees have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at

trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment §§ 3-401, *et seq.*:**
**Unpaid Overtime Wages**
**Brought on behalf of Maryland Plaintiff and the Maryland Class**

91.     Maryland Plaintiff, on behalf of himself and all members of the Maryland Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

92.     The foregoing conduct, as alleged, violates the Maryland Wage and Hour Law, Md. Code Ann. Labor & Employment §§ 3-401, *et seq.* and Maryland Wage Payment and Collection Law, Md. Code Ann. Labor & Employment §§ 3-501, *et seq.* (collectively, the "Maryland Wage Laws")

93.     At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the Maryland Wage Laws, §§ 3-401(b) and 3-501(b).  At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including Maryland Plaintiff, and each of the members of the prospective Maryland Class, as that term is defined and interpreted pursuant to Md. Code Ann. Labor & Employment §§ 3-101, *et seq.*, 3-401, *et seq.* and 3-501, *et seq.*

94.     The Maryland Wage Laws require that an employer, such as Defendants, pay overtime compensation to all nonexempt employees.  Maryland Plaintiff and members of the Maryland Class are not exempt from overtime pay requirements under the Maryland Wage Laws.

95.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to Maryland Plaintiff and the Maryland Class Members for their hours worked in excess of forty hours per workweek.

96.    As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to Maryland Plaintiff and the Maryland Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to willfully violate the Maryland Wage Laws.

97.    Maryland Plaintiff, on behalf of himself and members of the Maryland Class, seeks damages in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as provided by the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment § 3-427 and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor and Employment § 3-507.2(a); punitive damages; and such other legal and equitable relief as the Court deems just and proper.

98.    As a result of Defendants' failure to record, report, credit, and furnish to Maryland Plaintiff and Maryland Class members their respective wage and hour records showing all wages earned and due for all work performed, Defendants have failed to make, keep, preserve, and furnish such records in violation of the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment § 3-424.

99.    Maryland Plaintiff, on behalf of himself and the Maryland Class members, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Md. Code Ann. Labor and Employment §§ 3-427(c) and 3-507.2(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated

persons, pray for the following relief:

A.     Designation of this action as a collective action on behalf of the Collective and
prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

B.     Certification of the Maryland Class pursuant to Rule 23 of the Federal Rules of
Civil Procedure;

C.     Designation of Plaintiff Harrison as Maryland Class Representative;

D.     A declaratory judgment that the practices complained of herein are unlawful
under the FLSA;

E.     An award of damages, according to proof, including liquidated damages, to be
paid by Defendants;

F.     Pre-judgment and post-judgment interest, as provided by law;

G.     Attorneys' fees and costs of action incurred herein, including expert fees; and

H.     Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Class and Collective Action Complaint.

Dated: March 5, 2015
New York, New York

Respectfully submitted,

By: _Rachel B_
Rachel Bien

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Jahan C. Sagafi (*pro hac vice* application
    forthcoming)
Katrina L. Eiland (*pro hac vice* application
    forthcoming)
1 Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (347) 390-2187

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* application
    forthcoming)
Paolo C. Meireles
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiffs*

# Exhibit A

## CONSENT TO JOIN FORM

1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), Merrill Lynch, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. and Outten & Golden LLP to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Andrew F. Blum
_____
Print Name

# Exhibit B

## CONSENT TO JOIN FORM

      1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), Merrill Lynch, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. and Outten & Golden LLP to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

ZAQ HARRISON
Print Name