UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ANDREW BLUM and ZAQ HARRISON, :
individually and on behalf of all others similarly :
situated, : Case No. 15 CV 1636 (GBD)(JCF)
 :
 :
           Plaintiffs, :
     v. :
 :
 :
MERRILL LYNCH & CO., INC.; MERRILL :
LYNCH, PIERCE, FENNER & SMITH, INC., and :
BANK OF AMERICA CORPORATION, :
 :
           Defendants. :
 :
 :
------------------------------------- x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, STAY OR TRANSFER PLAINTIFFS' COMPLAINT PURSUANT TO THE "FIRST-FILED" RULE OR, IN THE ALTERNATIVE, TO <u>DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6)</u>**

Philip A. Goldstein, Esq.
pagoldstein@mcguirewoods.com
MCGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

Michael D. Mandel, Esq. (admitted *pro hac vice*)
Regina A. Musolino, Esq. (admitted *pro hac vice*)
mmandel@mcguirewoods.com
rmusolino@mcguirewoods.com
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
(310) 315-8200

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

                                                             **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

LEGAL ARGUMENT .......................................................................................................... 1

I. INTRODUCTION ..................................................................................................... 1

II. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO THE "FIRST-FILED" RULE ............................................................................................. 2

      A. The Litty Case Was First-Filed. ................................................................... 2

      B. Plaintiffs Here Have Always Been Part Of The *Litty* Case. ........................ 3

      C. The First-Filed Rule Warrants Dismissal Of This Action. ........................... 4

III. PLAINTIFFS' COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS FOR RELIEF. ..................................................................................................................... 6

      A. The Court May Grant This Motion Based On Plaintiffs' Allegations. ........ 6

      B. The Complaint Affirmatively Alleges Facts Establishing That Plaintiffs Satisfied The Outside Salesperson Exemption As A Matter of Law. .......... 7

      C. Plaintiffs' Allegations Render Them Exempt Under The Administrative Exemption. .................................................................................................... 8

IV. PLAINTIIFFS' WILLFULNESS ALLEGATIONS FALL SHORT ....................... 10

V. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85 (2d Cir. 2013) ................................................................................................. 9

*GT Plus, Ltd. v. Ja-Ru, Inc.,* 41 F. Supp. 2d 421 (S.D.N.Y. 1998) ......................................................................................... 5

*Hantz v. Prospect Mortgage, LLC,* 11 F. Supp. 3d 612, 620 (E.D. Va. 2014) ................................................................................. 7

*Levine v. AtriCure, Inc.,* 594 F. Supp. 2d 471 (S.D.N.Y. 2009) ......................................................................................... 6

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988) ............................................................................................................... 10

*Oleg Cassini, Inc. v. Serta, Inc.,* 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ........................................................................... 4

*Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2d Cir. 1998) ................................................................................................... 6

*Pelt v. City of New York,* 2013 U.S. Dist. LEXIS 122848 (E.D.N.Y. Aug. 28, 2013) ....................................................... 8

*Taylor v. Waddell & Reed, Inc.,* 2012 U.S. Dist. LEXIS 212 (S.D. Cal. Jan. 3, 2012) ................................................................ 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) .......................................................................................................... 10

*U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623 (7th Cir. 2003) .................................................................................................. 6

*Warrick v. Gen. Elec Co.,* 70 F.3d 736 (2d Cir. 1995) ...................................................................................................... 4

**OTHER STATE CASES**

*Litty v. Merrill Lynch & Co., Inc.,* Case No. 14-CV-425-PA-PJW (C.D. Cal.) ............................................................................. 2

**OTHER AUTHORITIES**

29 C.F.R. § 541.203(b) ...................................................................................................................9

DOL Opinion Letter FLSA 2006-43, p. 6........................................................................................9

**LEGAL ARGUMENT**

I.  **INTRODUCTION**

Plaintiffs take the ostrich approach in opposing Defendants' Motion to Dismiss: burying their proverbial head in the sand and ignoring facts fatal to their case and claims.

First, with respect to the first-filed rule, Plaintiffs ignore the allegations of the pleadings in the first-filed *Litty* case, which plainly encompass them and the members of the proposed class and collective group they seek to represent in this case. Plaintiffs also feign ignorance about the *Litty* settlement negotiations and eventual settlement. But Plaintiffs cannot evade the first-filed rule by ignoring the relevant and dispositive facts and factors. Plaintiffs also argue that the first-filed rule should not apply to transfer this case to California because Merrill Lynch is headquartered in this district. But this begs the question of whether the first-filed rule should be applied, and whether its "strong presumption" of dismissal – not transfer – should apply.

Second, to the extent the court does not dispose of Plaintiffs' claims on procedural grounds, the allegations of the Complaint make clear that Plaintiffs' claims fail on the merits. Regarding the outside salesperson exemption, Plaintiffs inexplicably argue that their primary duty was not "sales" even though their Complaint specifically alleges to the contrary. Plaintiffs cannot save their claims by choosing to now ignore their own allegations.

Plaintiffs also argue that the requirement that they "customarily and regularly" engage in sales outside of the office is not established by the allegations of the Complaint because, despite alleging that they regularly attended "client prospecting functions" outside of regular work hours, they have not specifically alleged that they did so outside of the office. Tellingly, though, Plaintiffs do not even aver in their Opposition that they in fact performed these duties inside the office. The only plausible conclusion to be drawn is that the "client prospecting functions" Plaintiffs attended, outside of regular work hours, occurred outside of the office.

Finally, with respect to the application of the administrative exemption, Plaintiffs similarly just ignore their own allegations and evidence they have presented to the Court, which

1

place them squarely within the administrative exemption.  Defendants therefore respectfully request that their motion be granted.

## II. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO THE "FIRST-FILED" RULE

### A. The Litty Case Was First-Filed.

Plaintiffs attempt to escape the first-filed rule by contending that *Litty v. Merrill Lynch & Co., Inc.*, Case No. 14-CV-425-PA-PJW (C.D. Cal.) ("*Litty*"), filed over a year before this case, did not come first for purposes of the first-filed rule.  Plaintiffs base this contention on the fact that, even though *Litty* was indisputably filed first, and was filed as a putative class and collective action, the Court had granted a later motion by Defendants to strike the class and collective allegations before Plaintiffs filed this case, and the parties in *Litty* filed a motion for preliminary approval of the class and collective settlement a few days after Plaintiffs filed this case.  Plaintiffs use this chronology to suggest that they were unaware the parties in *Litty* had settled the case on a class basis, and that Merrill Lynch surreptitiously swept Plaintiffs' claims into the *Litty* settlement.  (Opp. Br. at 14) ("Only after Plaintiffs filed their complaint did the *Litty* parties seek judicial approval of their settlement, and only then did Litty attempt to sweep Plaintiffs' claims into his proposed settlement.  In light of this reality, Merrill Lynch's first-filed argument crumbles").  While Plaintiffs' argument is laudably creative, it has no basis in fact, nor any legal support.

Merrill Lynch first began having class-wide settlement discussions in *Litty* as early as April 2014 – long before this action was filed, and before Plaintiffs herein notified Merrill Lynch of their potential claims.  *See* Mandel Decl., ¶¶ 3, 6.  If Plaintiffs had been following *Litty* from the sidelines as they claim, (Opp. Br. at pp.1-2, 4-5; *see also* Mandel Decl., ¶7), then they were aware that Merrill Lynch was engaged in settlement discussions with the plaintiff in *Litty*.  *See* Joint Stipulation for Order Requesting the *Litty* Court to place the *Litty* case on its inactive calendar so the parties could pursue mediation (*Litty* Dkt. #26, filed 04/18/2014; Mandel Decl., Exh. A); Joint Report on Parties Planning Meeting (*Litty* Dkt #89, filed 08/04/2014; Mandel

2

Decl., Exh. B)(noting on page 12 that the parties agreed to mediate with David Rotman); and Notice of Selection of Private Mediator (*Litty* Dkt #96, filed 08/28/2014; Mandel Decl., Exh. C) (noting that the parties had agreed to mediate with David Rotman).  Thus, Plaintiffs cannot plausibly argue they were unaware that Merrill Lynch was engaged in (or planning to be engaged in) settlement negotiations in the *Litty* case months before they filed this case.  Indeed, on or about December 10, 2014, Merrill Lynch's counsel directly informed Plaintiffs' counsel herein that Merrill Lynch had reached a class-and-collective wide settlement with *Litty*.  (Mandel Decl., ¶ 9).  Consequently, Plaintiffs' attempt to evade the first-filed rule by claiming surprise or blaming prior settlement negotiations must fail.[1]

### B. Plaintiffs Here Have Always Been Part Of The *Litty* Case.

Plaintiffs next attempt to escape the first-filed rule by arguing that (a) Development Stage FA Trainees like Plaintiffs here were "paid on a salary basis, not a commission basis," (b) the *Litty* case only ever included FA Trainees who were paid on a commission basis, so (c) Plaintiffs here were never part of the *Litty* class or collective.  (Opp. Br. at 8).  Plaintiffs' argument fails for at least three reasons.

*First*, as Merrill Lynch explained in its Opening Brief, Plaintiffs' factual predicate is simply false.  All exempt FA Trainees (which includes Development Stage FA Trainees) are paid the same way – a base salary and they are eligible for commissions.  Thus, all FAs *are* paid "on a commission" basis.  (Opening Brief, p. 3) (citing Declaration of Justin M. Swartz, Dkt. No. 5-3, at pp. 5, 10-15).  Plaintiffs offer no challenge to this fact because they cannot.  Plaintiffs cannot evade the first-filed rule by ignoring the undisputed facts.

*Second*, the *Litty* case has always included FA Trainees – and, thus, has always included Development Stage FA trainees.  Again, Merrill Lynch specifically explained this point in its Opening Brief.  (Opening Brief, pp. 3-4) (quoting all iterations of the *Litty* Complaint).  As

---

[1] Defendants do not wish to breach confidence by disclosing the substance of confidential settlement communications.  But Defendants' counsel was engaged in ongoing conversations with Plaintiffs' counsel about potential settlement beginning in June 2014 and up through Plaintiffs' filing of this lawsuit.

3

described above, all exempt FA Trainees are paid the same way. Thus, there is no distinction between FA Trainees paid on a "salary basis" versus FA Trainees paid on a "commission basis." Plaintiffs' opposition brief completely ignores this fact and the cited allegations from the *Litty* complaints. Again, Plaintiffs cannot evade the first-filed rule by ignoring the undisputed facts.

*Third*, Plaintiffs are indisputably part of the *Litty* FLSA collective group. If they were not, they would have no reason or basis whatsoever to even try to move to intervene as they have done. This point also refutes their argument that this case can continue as a viable class or collective action even if the *Litty* settlement is approved.[2] When the *Litty* settlement is approved, the entire putative collective group in this case will receive notice and an opportunity to opt in to the settlement.[3] For those who elect to participate in the settlement, the claims alleged in this lawsuit will be extinguished; for those who do not, their rights will be unaffected.

### C. The First-Filed Rule Warrants Dismissal Of This Action.

The very purpose of the first-filed rule is to prevent precisely the situation that Plaintiffs herein are attempting to create: two competing lawsuits litigating the same issues, on behalf of the same putative class/collective, at the same time. Plaintiffs nevertheless argue that the "balance of convenience favors this forum." (Opp. Br. at 11). But Plaintiffs argument misses the point. The question is not whether the balance of factors favors this forum. The question is whether the balance of factors overcomes the first-filed rule's "*strong presumption*" of dismissal. *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012). In any event, the relevant factors do not favor this forum. Therefore, *a fortiori,* they do not overcome the strong presumption of dismissal.

Plaintiffs cite case law stating that a plaintiff's choice of forum should be given some deference. But Plaintiffs ignore the Second Circuit authority explaining that no such deference is

---

[2] Of course, if Messrs. Blum and Harrison do not like the terms of the *Litty* settlement, they are free to not participate and attempt to pursue their individual claims (to the extent the Court does not grant Defendants' Motion to Dismiss based upon Plaintiffs' status as exempt employees).

[3] It is critical to note that the proposed notice to be sent to the members of the collective group discloses the existence of this lawsuit.

due in putative class cases like this one, *Warrick v. Gen. Elec Co.*, 70 F.3d 736, 741 n.7 (2d Cir. 1995), and the well-established case law explaining that any deference that might otherwise be due is "diminished substantially" where, as here, the plaintiff chooses a forum "which is neither his home nor the place where the cause of action arose." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 425 (S.D.N.Y. 1998). Plaintiffs' only response is to point out that Merrill Lynch is headquartered in New York, but they cite no authority that suggests that this fact alone is sufficient to overcome the first-filed rule's strong presumption of dismissal.

Plaintiffs also point to the convenience of the parties and contend that it would not be inconvenient for Merrill Lynch to litigate in this district. (Opp. Br. at 12). Again, Plaintiffs are addressing the wrong issue. The issue is not whether it would be inconvenient to litigate in this district. The issue is whether the convenience of the parties overcomes the first-filed rule's strong presumption of ***dismissal***. While Plaintiffs feign concern for Defendants' convenience, Defendants already have been litigating the *Litty* case for over a year in California. Thus, that would be the most convenient forum for them to litigate (or, more accurately, re-litigate) the same issues presented by this case. For their part, Plaintiffs do not (and cannot) plausibly contend that California is appreciably less convenient for them than this district, given that neither one of them resides in this district. Accordingly, the purported convenience of the parties of having Plaintiffs' claims litigated in this district cannot overcome the first-filed rule's strong presumption of dismissal.[4]

Plaintiffs' argument that this district is the "epicenter" of this case is also completely false. (Opp. Br. at 13). Indeed, Plaintiffs completely contradict this "epicenter" argument later in their brief when they (accurately) explain that Merrill Lynch's exemption affirmative defenses are "fact-intensive" and focus on the Plaintiffs' and putative collective members' primary duties. (Opp. Br. at 16). This district has no relation whatsoever to the Plaintiffs' primary duties. In

---

[4] Of course, if Plaintiffs are truly concerned about the supposed inconvenience of potentially litigating their claims in California, they could avoid application of the first-filed rule by dismissing their class and collective claims and then seek to pursue their claims individually in this district.

5

short, what Plaintiffs did (financial services work or other types of work) and where they did it (outside the office, and how often) are the focus of this case. Plaintiffs here performed their duties in Florida and Maryland. (Complaint ¶¶ 20 and 33). The location of Merrill Lynch's headquarters is completely irrelevant. Accordingly, none of the second, third, fifth, and sixth convenience factors favors this district, much less overcome the first-filed rule's strong presumption of dismissal.

Finally, the relative means of the parties is a wash. Plaintiffs' counsel, not Plaintiffs, will be litigating this case, and Plaintiffs' counsel have proven themselves perfectly capable of litigating this case in California, as evidenced by their California office and the voluminous pleadings they have mustered to attempt to intervene in the *Litty* case to derail that settlement.

In sum, the balance of convenience factors does not favor this district. To the contrary, the balance of convenience factors confirms the first-filed rule's presumption of dismissal in this case.

### III.  PLAINTIFFS' COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS FOR RELIEF.

#### A.  The Court May Grant This Motion Based On Plaintiffs' Allegations.

Plaintiffs argue that they are not required to "anticipate and refute potential affirmative defenses in the complaint." (Opp. Br. at 16-17). But Plaintiffs do not, and cannot, dispute that dismissal is appropriate when the complaint reveals a defense in the form of an overtime exemption under the FLSA. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint"). That is precisely the situation here, and Plaintiffs have effectively pleaded themselves out of court with their allegations. *See Levine v. AtriCure, Inc.*, 594 F. Supp. 2d 471, 474 (S.D.N.Y. 2009)(noting "that a litigant may plead itself out of court by unintentionally alleging facts (taken as true) that establish an affirmative defense."); *U.S. Gypsum Co. v. Indiana*

6

*Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense….").

> **B.    The Complaint Affirmatively Alleges Facts Establishing That Plaintiffs Satisfied The Outside Salesperson Exemption As A Matter of Law.**

The outside sales exemption requires (1) a primary duty of "making sales," and (2) customarily and regularly engaging in that primary duty away from the employer's place or places of business.  The Complaint specifically alleges facts that establish both elements.

Plaintiffs first argue that the Complaint does not allege that their primary duty was sales.  But the Complaint *specifically alleges* that Plaintiffs' "primary duties included *inside sales* and customer service."  Complaint, ¶¶ 21, 34, and 66 (emphasis added).

Next, Plaintiffs attempt to distinguish the on-point case law Defendants cited in their Opening Brief by pointing out that the plaintiffs in those cases admitted that they were engaging in sales activity.  But, as described above, Plaintiffs have *specifically pleaded – and thereby admitted – that their primary duty was inside sales.*  See *Taylor v. Waddell & Reed, Inc.*, 2012 U.S. Dist. LEXIS 212, *10-12 (S.D. Cal. Jan. 3, 2012) ("Even in the Complaint, they pled that their job was primarily as a salesperson.").  Plaintiffs cannot simply ignore their own allegations.

With regard to whether Plaintiffs "customarily and regularly" were engaged in sales activity outside of the office, Plaintiffs play it coy in two ways.  First, Plaintiffs claim that the outside sales exemption requires an employee to spend a "significant amount of her work time" outside of the place of business.  (Opp. Br. at 18).  But that is not the correct legal standard.  "The phrase 'customarily and regularly is not a 'majority of the time test.'"  *Hantz v. Prospect Mortgage, LLC*, 11 F. Supp.3d 612, 620 (E.D. Va. 2014); *Taylor*, 2012 U.S. Dist. LEXIS 21, at *11.  Selling or sales related activity outside the office as little as "**one or two hours a day, one or two times a week**" satisfies the test for the exemption.  See *Taylor*, 2012 U.S. Dist. LEXIS 21, at *11 (citing FLSA2007-2, DOL Opinion Letter from Paul DeCamp, Administrator at 3-4 (Jan. 25, 2007) (emphasis in original).  See also *Hantz*, 11 F. Supp.3d at 619.

Second, Plaintiffs argue that "[t]here is no indication in the Complaint that those [lead generation] activities occurred outside the office ..." (Opp. Br. at 19). But Plaintiffs' argument strains credulity to the breaking point. Plaintiffs specifically allege that "in addition to [their] regular schedule, they both attended "client prospecting functions" multiple times per week "in the evening," and Blum attended such functions "once per weekend" for multiple hours at a time. (Complaint, ¶¶ 26, 39, 75). Blum also specifically alleges he "attended prospecting functions" with others. While it is theoretically possible that these "client prospecting functions" occurred inside the office, it is highly implausible that such functions would occur in the office during evenings and weekends. Most importantly, if these evening and weekend client prospecting events did occur in the office, Plaintiffs doubtless would have come right out and stated as such in their Opposition, or filed an amended complaint to clarify. But they did neither.[5] The only plausible reading of Plaintiffs' allegations is that they "customarily and regularly" attended client prospecting functions "in addition to their regular schedule" *outside* of the office.

Accordingly, Plaintiffs' own allegations establish that they satisfied the outside salesperson exemption as a matter of law. This defeats each of Plaintiffs' claims, and their Complaint should therefore be dismissed, with prejudice.

### C. **Plaintiffs' Allegations Render Them Exempt Under The Administrative Exemption.**

Plaintiffs' allegations also establish that they qualify as a matter of law for the administrative exemption. In an effort to avoid the administrative exemption, Plaintiffs claim that "Development Stage Trainees fall cleanly on the 'production' side of the dichotomy," and that they did not exercise discretion and independent judgment. (Opp. Br. at 21-22). But Plaintiffs' argument fails.

---

[5] Should the Court be inclined to permit Plaintiffs leave to amend, Plaintiffs should be required to specifically allege where they attended these client prospecting functions, so that Defendants and this Court can easily assess whether Plaintiffs have stated a plausible claim for overtime or whether, as already seems apparent, Plaintiffs were exempt pursuant to the outside salesperson exemption.

8

*First*, Plaintiffs conflate "selling" with "production."  As FA Trainees, Plaintiffs produced neither goods nor services, and they cite no authority for the proposition that the type of selling they undertook constitutes producing commodities.

*Second*, Plaintiffs' claims are squarely rebutted by Plaintiffs' own sworn testimony and other evidence Plaintiffs have placed in the record.  *Pelt v. City of New York*, 2013 U.S. Dist. LEXIS 122848 at *8 (E.D.N.Y. Aug. 28, 2013)(taking judicial notice of documents already filed on the court's docket).   In declarations they submitted in support of their motion for conditional certification, Plaintiffs acknowledged that their duties were to "identify[] potential clients," "bring in new accounts and new money, and sell[] financial products and services to existing customers." (Blum Decl, ¶8 (Dkt. No. 5-1); (Harrison Decl, ¶8 (Dkt. No. 5-2)).  The PMD Incentive Plan that Plaintiffs have filed with the Court explains that Plaintiffs' work in this regard was "**financial profiling**" work.  *See* Dkt No. 5-3, p. 4 (emphasis in original).  Specifically, "identifying potential clients," "bringing in new accounts and money," and "selling financial products to these individuals" are part and parcel of a registered representative's duties, and therefore fully consistent with the administrative exemption.  *See* DOL Opinion Letter FLSA 2006-43, p. 6 ("recommending products to clients" is exempt work) (citing *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1376-79 (M.D. Ga. 2002)).  Plaintiffs do not dispute these declarations in their Opposition (nor could they).  Nor do they dispute that as salaried FA Trainees eligible to earn commissions, they performed work classified as exempt under 29 C.F.R. § 541.203(b), consistent with FINRA regulations.   Rather, citing *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013), Plaintiffs weakly assert only that this determination cannot be made at the pleadings stage. (Opp. Br. at 24).  But *DeJesus* does not preclude the Court from granting Merrill Lynch's motion to dismiss on the grounds articulated herein.  As noted, there is authority expressly providing for such dismissal, where, as here, the factual allegations and other evidence of which the Court may take judicial notice establish the existence of an affirmative defense.  *See Pani*, 152 F.3d at 74; *Levine*, 594 F. Supp. 2d at 474; *U.S. Gypsum Co., Inc.*, 350 F.3d at 626.  Plaintiffs' own sworn testimony establishes that Plaintiffs

9

satisfied the administrative exemption, and they are thereby barred from recovering on their claims.

## IV. PLAINTIIFFS' WILLFULNESS ALLEGATIONS FALL SHORT

Finally, Plaintiffs claim their allegations are sufficient to plead a willful violation of the FLSA. But their complaint contains no factual allegations whatsoever to support a plausible claim that Merrill Lynch "showed reckless disregard for the matter of which its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). A centralized, company-wide policy is not synonymous with "reckless disregard," but that appears to be Plaintiffs' argument. Their allegations contain no facts to meet the required threshold for willfulness. They should be stricken. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do").

## V. CONCLUSION

For the foregoing reasons, and those to be set forth at the hearing, if any, on this motion, Merrill Lynch respectfully requests that the Court grant its motion to dismiss, stay or transfer Plaintiffs' Complaint.

Dated: New York, New York
April 22, 2015

By: *s/ Philip A. Goldstein*
Philip A. Goldstein, Esq.
*pagoldstein@mcguirewoods.com*
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

Michael D. Mandel, Esq. (admitted *pro hac vice*)
Regina A. Musolino, Esq. (admitted *pro hac vice*)
*mmandel@mcguirewoods.com*
*rmusolino@mcguirewoods.com*
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
(310) 315-8200

*Attorneys for Defendants*

66449189.3