**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Katrina L. Eiland (admitted *pro hac vice*)
1 Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (347) 390-2187

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ANDREW BLUM and ZAQ HARRISON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,<br><br>        Defendants. | **No. 15 Civ. 1636 (GBD) (JCF)** |

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY  THE ORDER GRANTING CONDITIONAL CERTIFICATION PENDING THE SECOND CIRCUIT'S RULING ON DEFENDANTS' PETITION FOR WRIT OF MANDAMUS</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................... 1

RELEVANT PROCEDURAL HISTORY ................................................................... 2

ARGUMENT ............................................................................................................. 3

I.      Merrill Lynch Fails to Make a Strong Showing That Its Petition for a Writ of Mandamus
        Is Likely to Succeed On the Merits.................................................................. 4

        A.      Mandamus Is An Extraordinary Remedy That Is Rarely Granted......................... 5

        B.      Merrill Lynch Cannot Meet the Requirements for Issuance of a Writ of
                Mandamus........................................................................................... 6

                1.      Merrill Lynch Has Several Other Means to Seek Review of the Court's
                        Grant of Collective Action Certification...................................... 6

                2.      Merrill Lynch's Right to a Writ Is Not "Clear and Indisputable" ............. 9

                        i.      *Glatt v. Fox Searchlight Pictures, Inc.* Provides No Basis for
                                Issuance of a Writ of Mandamus ................................... 10

                3.      A Writ Is Not Appropriate Under These Circumstances. ...................... 12

II.     Merrill Lynch Will Not Be Irreparably Harmed by The Issuance of Notice.................... 12

        A.      Merrill Lynch's Delay In Filing Its Petition For a Writ of Mandamus and Stay
                Weigh Against A Finding of Irreparable Harm .................................... 12

        B.      Injuries of Time and Money Are Not Irreparable Harm Sufficient to Justify a
                Stay ................................................................................................ 13

        C.      Speculative Harm Is Not An Irreparable Injury .................................... 13

        D.      Potential Confusion Among Class Members Is Not Irreparable Injury to Merrill
                Lynch .............................................................................................. 15

III.    Delaying Notice Will Substantially Injure Plaintiffs and Class and Collective Members  16

IV.    Staying This Action Would Be Contrary To The Public Interest....................................... 18

CONCLUSION.................................................................................................................................. 19

## TABLE OF AUTHORITIES

CASES                                                                                           PAGE(S)

*Anderson v. NVR, Inc.*,
    300 F.R.D. 116 (W.D.N.Y. 2014)....................................................................................11

*Balintulo v. Daimler AG*,
    727 F.3d 174 (2d Cir. 2013)..........................................................................................8

*Braunstein v. E. Photographic Labs., Inc.*,
    600 F.2d 335 (2d Cir. 1978)........................................................................................18

*In re California Pub.*,
    79 F. App'x 478 (2d Cir. 2003) ....................................................................................8

*Cheney v. U.S. Dist. Court for D.C.*,
    542 U.S. 367 (2004)..................................................................................................5, 6

*In re The City of New York*,
    607 F.3d 923 (2d Cir. 2010)..........................................................................................5

*Clinton v. Jones*,
    520 U.S. 681 (1997)....................................................................................................17

*Cuevas v. Citizens Fin. Grp., Inc.*,
    526 F. App'x 19 (2d Cir. 2013) ...................................................................................11

*Cuzco v. Orion Builders, Inc.*,
    477 F. Supp. 2d 628 (S.D.N.Y. 2007)...........................................................................7

*Daniels v. City of New York*,
    138 F. Supp. 2d 562 (S.D.N.Y. 2001)..........................................................................16

*DeMasi v. Weiss*,
    669 F.2d 114 (3d Cir. 1982)..........................................................................................8

*In re Diamond Shamrock Chems. Co.*,
    725 F.2d 858 (2d Cir. 1984).......................................................................................7, 9

*In re Dow Corning Corp.*,
    261 F.3d 280 (2d Cir. 2001)..........................................................................................5

*Eisenberg v. U.S. Dist. Court for S. Dist. of Illinois*,
    910 F.2d 374 (7th Cir. 1990) .......................................................................................8

*In re Elec. Books Antitrust Litig.*,
    Nos. 11 MD 2293, 12 Civ. 3394, 2014 WL 1641699 (S.D.N.Y. Apr. 24, 2014)...................15

*Fei v. WestLB AG*,
     No. 07 Civ. 8785, 2008 WL 7863592 (S.D.N.Y. Apr. 23, 2008)............................................14

*Ferreira v. Modell's Sporting Goods, Inc.*,
     No. 11 Civ. 2395, 2013 WL 1344697 (S.D.N.Y. Mar. 28, 2013) .......................................8, 9

*Freedom Holdings, Inc. v. Spitzer*,
     408 F.3d 112 (2d Cir. 2005)........................................................................................................14

*Gilbert v. Citigroup, Inc.*,
     No. 08 Civ. 0385, 2009 WL 424320 (N.D. Cal. Feb. 18, 2009).................................................9

*Glatt v. Fox Searchlight Pictures, Inc.*,
     791 F.3d 376 (2d Cir. 2015)...............................................................................9, 10, 11, 18

*Glatt v. Fox Searchlight Pictures Inc.*,
     No. 11 Civ. 6784, 2012 WL 2108220 (S.D.N.Y. June 11, 2012)..............................................14

*Glatt v. Fox Searchlight Pictures Inc.*,
     No. 11 Civ. 6784, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ...............................13, 15, 18

*Gold v. New York Life Ins. Co.*,
     730 F.3d 137 (2d Cir. 2013)........................................................................................................11

*Guillen v. Marshalls of MA, Inc.*,
     750 F. Supp. 2d 469 (S.D.N.Y. 2010).........................................................................................11

*Hargroves v. City of New York*,
     Nos. 03 Civ. 1668, 03 Civ. 3869, 03 Civ. 5323, 03 Civ. 4646, 2010 WL
     3619542 (E.D.N.Y. Sept. 10, 2010)......................................................................................16, 17

*In re HCR ManorCare, Inc.*,
     No. 11 Civ. 3866, 2011 WL 7461073 (6th Cir. Sept. 28, 2011)............................................4, 7

*Hirschfeld v. Bd. of Elections in City of New York*,
     984 F.2d 35 (2d Cir. 1993)....................................................................................................12, 13

*Hoffman v. Sbarro, Inc.*,
     982 F. Supp. 249 (S.D.N.Y. 1997)..............................................................................................18

*Jayaraj v. Scappini*,
     66 F.3d 36 (2d Cir. 1995) ....................................................................................................13, 14

*Joseph v. Shell Oil Co.*,
     498 A.2d 1117 (Del. 1985) .........................................................................................................17

*Levola v. Fischer*,
     403 F. App'x 564 (2d Cir. 2010) ................................................................................................12

v

*Linde v. Arab Bank, PLC*,
  706 F.3d 92 (2d Cir. 2013)....................................................................................................6, 9

*Litty v. Merrill Lynch & Co.*,
  No. 14 Civ. 425, 2015 WL 4698475 (C.D. Cal. Apr. 27, 2015)..........................................2

*McEarchen v. Urban Outfitters, Inc.*,
  No. 13 Civ. 3569, 2014 WL 2506251 (E.D.N.Y. June 3, 2014)..........................13, 16, 18, 19

*McElmurry v. U.S. Bank Nat. Ass'n*,
  495 F.3d 1136 (9th Cir. 2007) ...........................................................................................4, 7

*Michael v. Bloomberg L.P.*,
  No. 14 Civ. 2657, 2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015)...........................................9

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)..............................................................................................6, 11

*Nw. Nat. Ins. Co. v. Insco, Ltd.*,
  866 F. Supp. 2d 214 (S.D.N.Y. 2011)....................................................................................4

*Ofori v. Cent. Parking Sys. of New York, Inc.*,
  No. 06 Civ. 0128, 2010 WL 335498 (E.D.N.Y. Jan. 22, 2010)...............................................8

*Ramirez v. DeCoster*,
  203 F.R.D. 30 (D. Me. 2001).................................................................................................15

*Sutherland v. Ernst & Young LLP*,
  856 F. Supp. 2d 638 (S.D.N.Y. 2012).................................................................................4, 16

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousmen & Helpers of*
  *Am., AFL-CIO*,
  No. 88 Civ. 4486, 1993 WL 321580 (Aug. 18, 1993) ............................................................12

*United States v. New York City Bd. of Educ.*,
  620 F. Supp. 2d 413 (E.D.N.Y. 2009) ..................................................................................15

*Vann v. Gilbert*,
  482 F. App'x 876 (5th Cir. 2012) ...........................................................................................3

*Will v. United States*,
  389 U.S. 90 (1967).................................................................................................................5

*Zaniewski v. PRRC Inc.*,
  No. 11 Civ. 1535, 2012 WL 996703 (D. Conn. Mar. 22, 2012)............................................14

*In re Zyprexa Products Liab. Litig.*,
  594 F.3d 113 (2d Cir. 2010)....................................................................................................7

**STATUTES**

28 U.S.C. § 1292(b) ....................................................................................................7, 8

## PRELIMINARY STATEMENT

Merrill Lynch has already successfully delayed the progress of this case for nearly seven months through its repeated attempts to stay this case and other procedural maneuvering.   The Court should exercise its discretion to prevent further prejudicial delay to Plaintiffs by denying Merrill Lynch's motion for a stay.  The sole basis for the motion is Merrill Lynch's belated petition for a writ of mandamus directing this Court to vacate its order granting Plaintiffs' motion for conditional certification under the Fair Labor Standards Act ("FLSA").  Merrill Lynch's petition, filed more than a month and a half after the Court's ruling, is nothing more than a transparent, last-ditch effort to prevent collective members from learning about their rights and joining this lawsuit that has little chance of succeeding.

Merrill Lynch has not come close to meeting its burden to prove its entitlement to a stay. It has not shown a likelihood of obtaining the drastic and extraordinary remedy of a writ of mandamus that is reserved for rare situations where a normal appeal is inadequate to correct a clear error flouting governing law.  Not surprisingly, Merrill Lynch has not identified any cases in which an appellate court has issued a writ of mandamus to correct an erroneous grant of conditional certification, and there are none.   Moreover, the supposed harm Merrill identifies is neither actual nor imminent, and therefore provides no basis to justify a stay.  By contrast, the delay will substantially impair Plaintiffs' ability to investigate and prosecute their case.

The Court should deny Merrill Lynch's motion and allow Plaintiffs to issue notice to the certified collective so that potential opt-in plaintiffs can learn about and protect their rights in this case.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed this case on March 5, 2015, ECF No. 1, and promptly moved for conditional certification and court-authorized notice on March 9, 2015.  ECF No. 3.  On March 18, 2015, Defendants Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner, & Smith, Inc., and Bank of America Corporation (collectively, "Defendants" or "Merrill Lynch") moved to dismiss pending a Central District of California district court's ruling on its attempt to settle Plaintiffs' claims with other counsel in a case, *Litty v. Merrill Lynch & Co.*, No. 14 Civ. 425 (C.D. Cal.) ("*Litty*"), that did not even include these claims until the attempted settlement.  ECF No. 27.  Merrill Lynch also asked the Court "to hold [Plaintiffs' Motion for Conditional Certification] in abeyance" until after the Court ruled on its motion.  *See* ECF Nos. 7, 32.

Shortly thereafter, the *Litty* court rejected Merrill Lynch's attempted settlement, observing that it bore the hallmarks of a reverse auction.  *See Litty v. Merrill Lynch & Co.*, No. 14 Civ. 425, 2015 WL 4698475, at * 9 (C.D. Cal. Apr. 27, 2015). Even though this ruling eliminated Merrill Lynch's primary argument, Merrill Lynch still pressed forward with a motion to dismiss on other grounds.  On May 5, 2015, Merrill Lynch again asked the court to stop this case in its tracks pending a ruling on that motion.  ECF No. 51.

Although the Court denied Merrill Lynch's request for a stay, the Court denied Plaintiffs' motion for conditional certification without prejudice, with the option to renew that motion after an initial conference with the Court.  ECF Nos. 40, 54.  Plaintiffs renewed their motion for conditional certification on June 26, 2015.  ECF No. 64.  On July 31, 2015, the Court held oral argument on both the motion for conditional certification and the motion to dismiss and, in an oral decision, denied the motion to dismiss and granted conditional certification.  ECF Nos. 84,

89 ("July 31, 2015 Order").  The Court then referred the case to Magistrate Judge Francis to resolve disputes about the form and manner of distribution of class notice.

Undeterred, Merrill Lynch continued its efforts to delay notice to the class.  On August 31, 2015, during a telephone conference with Magistrate Judge Francis, Merrill Lynch's counsel informed the Court that it intended to ask the Second Circuit to issue a writ of mandamus and overrule the Court's July 31, 2015 conditional certification order.  Although Merrill Lynch conceded that its mandamus petition was "a long shot," it also sought a stay pending the outcome of this petition.   On September 10, 2015, 41 days after the Court granted Plaintiffs' motion for conditional certification, Merrill Lynch filed a Petition for Writ of Mandamus with the Second Circuit.  On September 17, 2015, Magistrate Judge Francis issued an order directing Merrill Lynch to provide Plaintiffs with class member contact information no later than October 1, 2015.  ECF No. 94.  Merrill Lynch filed the present Motion for Stay on September 22, 2015.  ECF No. 95.

On September 29, 2015, in response to Merrill Lynch's request for a stay pending a ruling on its stay motion, ECF No. 101, Magistrate Judge Francis issued an order staying the proceedings until the earliest of (a) November 2, 2015; (b) the date that this Court rules on Merrill Lynch's Motion to Stay; or (c) the date that the Second Circuit denies or dismisses Merrill Lynch's mandamus petition.  ECF No. 101.

## ARGUMENT

The Court should not stay this case pending resolution of Merrill Lynch's "long-shot" mandamus petition.  Because a writ of mandamus is so rarely granted, an application for a writ of mandamus does not automatically stay district court proceedings.  *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) ("because [mandamus] requests are only granted in exceptional

3

circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending" (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (alteration original)).  As the party seeking a stay, Merrill Lynch bears the burden of establishing all of the criteria for imposing a stay, *Nw. Nat. Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 217 (S.D.N.Y. 2011), which it does not do here.

To determine whether a stay is necessary, courts apply a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  Merrill fails to carry its burden of establishing any of these factors.

## I. Merrill Lynch Fails to Make a Strong Showing That Its Petition for a Writ of Mandamus Is Likely to Succeed On the Merits.

Merrill Lynch cannot establish that it is likely to succeed on the merits of its mandamus petition, because mandamus is a rare and extraordinary remedy reserved for those cases where the petitioner cannot seek relief through an ordinary appeal.  Merrill Lynch points to no case where a writ of mandamus has been granted to address an order granting conditional certification in a FLSA case.  In fact, those appellate courts that have addressed such petitions have universally denied them.  *See In re HCR ManorCare, Inc*., No. 11 Civ. 3866, 2011 WL 7461073, at *2 (6th Cir. Sept. 28, 2011); *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1142 (9th Cir. 2007). There is no reason to believe that the Second Circuit will depart from this pattern here.

4

### A.        Mandamus Is An Extraordinary Remedy That Is Rarely Granted.

"[The writ of mandamus] is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).  "Mandamus is a remedy rarely granted by" the Second Circuit.  *In re Dow Corning Corp.*, 261 F.3d 280, 285 (2d Cir. 2001).  "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy."  *Will v. United States*, 389 U.S. 90, 95 (1967) (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217 (1945)).

Mandamus is reserved for rare situations where, due to unique factual circumstances, the petitioner will be damaged or prejudiced in a way not correctable through a normal appeal.  *See, e.g.*, *Linde v. Arab Bank, PLC*, 706 F.3d 92, 117 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2869 (2014) ("[T]he type of harm that is deemed irreparable for mandamus purposes typically involves an interest that is both important to and distinct from the resolution of the merits of the case."); *In re The City of New York*, 607 F.3d 923, 934 (2d Cir. 2010) (granting writ to prevent the immediate disclosure of confidential reports of undercover New York City police officers protected by the law-enforcement privilege that would have "risk[ed] undermining important NYPD investigatory procedures and thereby endangering the safety of law enforcement personnel and countless New York residents").  Such unique factual circumstances are not present here.  By contrast, in this case, the harm that Merrill Lynch would experience – being forced to litigate this case as a collective action – "is in essence indistinguishable from the harm experienced by other litigants who lose a battle in a lower court and seek appellate review." *Linde*, 706 F.3d at 117.   Because the requisite "exceptional circumstances" are not present here, Merrill Lynch's petition is certain to be denied.

### B.      Merrill Lynch Cannot Meet the Requirements for Issuance of a Writ of Mandamus.

"Three demanding requirements must be met before a court will issue a writ of mandamus," none of which Merrill Lynch can satisfy here. *Linde*, 706 F.3d at 107.  First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." *Cheney*, 542 U.S. at 380 (internal quotation marks and citation omitted) (alteration in original).  This requirement is designed to "ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380-381.  Second, the petitioner must show that its "right to issuance of the writ is 'clear and indisputable'" based on governing law. *Id.* at 381.  "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

### 1.      Merrill Lynch Has Several Other Means to Seek Review of the Court's Grant of Collective Action Certification.

Merrill Lynch cannot meet the first prerequisite because it has several other adequate means to seek review of the Court's order permitting Plaintiffs to proceed on a collective basis.  First, the order for which Merrill Lynch seeks a writ of mandamus is merely a *conditional* order subject to further review by the district court at the second stage of the FLSA certification process.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (a case may be decertified at the second stage after the district court re-evaluates "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs" based on a fuller record).  Accordingly, Merrill Lynch may move the Court to decertify the collective at the close of discovery.  *See id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)).

Second, even if Plaintiffs' claims proceed to trial on a collective basis, Merrill Lynch may obtain the relief it seeks by appealing from a final judgement in Plaintiffs' favor.  Merrill

Lynch suggests that, unless conditional certification is immediately reversed, it will be harmed by being forced "to incur considerable expense in otherwise litigating this case as a certified collective action." Defs.' Br. at 1. The Second Circuit, however, has rejected this argument, making clear that mandamus is "not to be used as a substitute for appeal, *even though hardship may result from delay and [a] perhaps unnecessary trial*." *In re Zyprexa Products Liab. Litig.*, 594 F.3d 113, 121 (2d Cir. 2010) (internal quotations marks omitted) (emphasis added) (second alteration in original).

For this very reason, courts have denied writs of mandamus seeking review of conditional certification decisions. *See In re HCR ManorCare, Inc.*, 2011 WL 7461073, at *2 (denying petition for mandamus review of conditional certification order and noting that "[i]f the cases proceed to judgment as a collective action, appellate review will be available"); *McElmurry*, 495 F.3d 1136 (writ of mandamus not warranted to review denial of employees' conditional certification motion where employees could later seek review on appeal); *cf. In re Diamond Shamrock Chems. Co.*, 725 F.2d 858, 862 (2d Cir. 1984) (defendant not entitled to a writ of mandamus directing district court to vacate certification of two classes; review of issues raised by the class certification decision would be available at a later time). In short, there are no peculiar factual circumstances here that would make the normal appeals process an unsuitable means of relief.[1]

---

[1]     As explained in more detail in section II, *infra*, disclosure of class member contact information to facilitate the issuance of notice to inform putative collective members of their rights is also not an irremediable harm that would warrant mandamus. Rather, it is a routine and critical part of the enforcement of employees' FLSA rights. *See Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007) ("In order for the intended benefits of the collective action—including allowing plaintiffs to pool resources and enabling courts to efficiently resolve multiple similar claims in one proceeding—to accrue, employees must receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'").

Third, to obtain immediate review of the Court's conditional certification decision, Merrill Lynch could have asked the Court to certify the issue for interlocutory appeal under 28 U.S.C. § 1292(b). Its failure to do so is fatal to its mandamus petition. Appellate courts routinely find that, where, as here, certification of the question for interlocutory appeal "remains a possible and adequate avenue for appellate review" of a district court order, the first requirement for mandamus is not met. *In re California Pub.*, 79 F. App'x 478, 479 (2d Cir. 2003); *see also Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) ("*If* a district court refuses certification, or certification is not otherwise available, however, *then* a party may petition for a writ of mandamus—'a drastic and extraordinary remedy reserved for really extraordinary causes.'") (emphasis added); *Eisenberg v. U.S. Dist. Court for S. Dist. of Illinois*, 910 F.2d 374, 376 (7th Cir. 1990) (where the alternative of certification for interlocutory appeal was open to petitioner it was "apparent that the conditions for a grant of mandamus [could not] be satisfied"); *DeMasi v. Weiss*, 669 F.2d 114, 118 (3d Cir. 1982) (denying request for writ ordering district court to decertify class where petitioner failed to persuade the court that that the issue could not be raised by an interlocutory appeal under Section 1292(b) or an appeal from final judgment if the plaintiffs prevailed at trial).[2]

---

[2]     Even if Merrill Lynch had moved for interlocutory appeal, it is unlikely that the request would have been granted even under the less stringent standard of 28 U.S.C. § 1292(b). Courts routinely find that, by virtue of their status as conditional orders, interlocutory appeals of decisions conditionally certifying FLSA collectives are inappropriate. *See, e.g.*, *Ofori v. Cent. Parking Sys. of New York, Inc.*, No. 06 Civ. 0128, 2010 WL 335498, at *2 (E.D.N.Y. Jan. 22, 2010); *Ferreira v. Modell's Sporting Goods, Inc.*, No. 11 Civ. 2395, 2013 WL 1344697, at *2 (S.D.N.Y. Mar. 28, 2013). However, the fact that an interlocutory appeal is unlikely to have succeeded does not mean that a § 1292(b) petition is not an available avenue of review for Merrill Lynch.

**2.      Merrill Lynch's Right to a Writ Is Not "Clear and Indisputable."**

Merrill Lynch also does not come close to meeting its heavy burden to demonstrate that

its right to a writ is clear and indisputable.  The Second Circuit's "analysis of whether the

petitioning party has a 'clear and indisputable' right to the writ is necessarily more deferential to

the district court than [its] review on direct appeal." *Linde*, 706 F.3d at 108-09.  As a result,

"mere error, even gross error" on the part of the district court, "as distinguished from a calculated

and repeated disregard of governing rules, does not suffice to support issuance of the writ." *In re*

*Diamond Shamrock*, 725 F.2d at 859-60 (internal quotation marks omitted).  Here, the district

court engaged in a reasoned application of the well-settled standard[3] for conditional certification

to the record before it.  This record included the declarations of five former Development Stage

Trainees who worked in four different states describing their uniform job duties, as well as

centrally-promulgated internal Merrill Lynch documents showing that Development Stage

Trainees, regardless of location, are subject to the same training requirements and compensation

plan. *See* ECF Nos. 5, Exs. A-D; 64, Exs. A-C.  This evidence is more than sufficient to meet

the "modest factual showing" that Plaintiffs "and potential opt-in plaintiffs together were victims

of a common policy or plan that violated the law" required for conditional certification. *Myers*,

624 F.3d at 555 (internal quotation marks omitted); *see also Michael v. Bloomberg L.P.*, No. 14

Civ. 2657, 2015 WL 1810157, at *2 (S.D.N.Y. Apr. 17, 2015) (granting conditional certification

in misclassification case based on plaintiff's declaration, which established that he and potential

opt-in plaintiffs had common responsibilities and were subject to similar salary and overtime

practices); *Gilbert v. Citigroup, Inc.*, No. 08 Civ. 0385, 2009 WL 424320, at *5 (N.D. Cal. Feb.

---

[3]      *See Ferreira*, 2013 WL 1344697, at *2 (observing that the questions of what evidence is
necessary to meet conditional certification standard and what legal determinations the court can
make at the conditional certification stage "have already been settled by the Second Circuit").

18, 2009) (evidence of uniform compensation arrangement "in conjunction with five declarations

from [employees] who worked at seven California branches of Citibank is sufficient for

conditional certification of the proposed nationwide class").

> **i.** ***Glatt v. Fox Searchlight Pictures, Inc.* Provides No Basis for Issuance of a Writ of Mandamus.**

Much of Merrill Lynch's mandamus petition is focused on a misreading of the Second

Circuit's decision in *Glatt v. Fox Searchlight Pictures, Inc.*, 791 F.3d 376 (2d Cir. 2015).

Because the facts of *Glatt* differ markedly from those of this case, and because *Glatt* reaffirms

that Plaintiffs' burden at the notice stage is a light one, it provides no grounds for the relief that

Merrill Lynch seeks.

First, the facts of this case and *Glatt* are not "similar," as Merrill Lynch repeatedly

suggests, *see* Defs.' Br. at 4-5, but in fact could not be more different.  This case is a prototypical

exemption misclassification case, while *Glatt* involved the question of whether unpaid interns

were employees protected by the FLSA.  *Glatt*, 791 F.3d at 381; ECF No. 1 (Complaint) ¶¶ 69-

71.  In *Glatt*, the court announced a new test designed to answer that question, and remanded for

the district court to determine whether the interns could meet the new test and whether

conditional certification and Rule 23 class certification were appropriate in light of the new test.

*Glatt*, 791 F.3d at 383-84.

Merrill Lynch contends that *Glatt* and this case are similar because the potential opt-ins

in both cases shared a similar job description, *see* Defs.' Br. at 4, but this is incorrect.  In *Glatt*,

there was no common job description for interns:  the common evidence identified by the

plaintiffs related to corporate decisions to use interns to perform work previously performed by

paid employees.  *Glatt*, 791 F.3d at 386.  Because the *Glatt* court concluded that such evidence

was insufficient to resolve the newly-established "primary beneficiary" test, it remanded to the

district court.  *Id.* at 387.

Here, by contrast, the common evidence relied on by Plaintiffs is directly relevant to their primary duties, which are what matter in exemption cases.  *See Myers.*, 624 F.3d at 548-49; *Cuevas v. Citizens Fin. Grp., Inc.*, 526 F. App'x 19, 22 (2d Cir. 2013) (summary order).  *Glatt* therefore has no bearing on whether Plaintiffs, who are all in the same stage of the PMD program, share a common job description, and are subject to the same performance expectations, have made the modest showing necessary to be authorized to send notice.  *See Myers*, 624 F.3d at 549.

*Glatt* also did not "examine[] the standard required to conditionally certify a collective action based on a misclassification theory," as Merrill Lynch claims.  *See* Defs.' Br. at 5.  In fact, the *Glatt* court *confirmed* the lenient conditional certification standard that Plaintiffs invoked in their conditional certification motion, stating that, "[a]t step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."  791 F.3d at 387 (citing *Myers*, 624 F.3d at 555).[4]

---

[4]     The few cases other than *Glatt* on which Merrill Lynch relies are distinguishable.  *Gold v. New York Life Insurance Co.* is inapplicable because it was decided on summary judgment and did not address the propriety of first-stage conditional certification at all.  730 F.3d 137, 144-45 (2d Cir. 2013).  *Anderson v. NVR, Inc.* is also not on point because, there, the plaintiffs had previously opted into a FLSA collective that had been decertified after substantial discovery revealed that the opt-in plaintiffs were not, in fact, similarly situated.  300 F.R.D. 116, 117 (W.D.N.Y. 2014).  Finally, *Guillen v. Marshalls of MA, Inc.* purported to require the plaintiff to prove that he was "similarly situated to [potential opt-ins] in all 50 states."  750 F. Supp. 2d 469, 477 (S.D.N.Y. 2010).  Against the weight of authority, the *Guillen* court disregarded the plaintiff's evidence about the defendant's uniform training program and management structure, and concluded, despite the record evidence from multiple stores, that the plaintiff had failed to demonstrate that the policy existed nationwide.  *See id.* at 477-78, 480.

### 3.    A Writ Is Not Appropriate Under These Circumstances.

Even if Merrill Lynch could establish the first two requirements, it still would not be able to show that a writ of mandamus, reserved for extraordinary cases, is "appropriate under the circumstances."  That Merrill Lynch's mandamus petition is a yet another in a long chain of attempts to delay the issuance of notice to putative class members weighs heavily against issuing a writ.

In sum, Merrill Lynch's mandamus petition is sure to be denied by the Second Circuit.

## II.    Merrill Lynch Will Not Be Irreparably Harmed by The Issuance of Notice.

Merrill Lynch will suffer no irreparable harm if Plaintiffs receive a class list and disseminate notice.  Merrill Lynch's argument is undermined by the lengthy delay between the Court's order granting conditional certification and the present motion to stay.  Furthermore, Merrill Lynch's claim of irreparable harm boils down to little more than an assertion that it may incur costs defending this lawsuit if the Court does not issue a stay.  *See* Defs.' Br. at 8.  Such harms are insufficient to justify stopping this case in its tracks.

### A.    Merrill Lynch's Delay In Filing Its Petition For a Writ of Mandamus and Stay Weigh Against A Finding of Irreparable Harm.

Merrill Lynch's own delays in seeking mandamus review and stay of this action weigh against a finding of irreparable harm.  The Court granted Plaintiffs' motion for conditional certification on July 31, 2015.  ECF No. 84.  Merrill Lynch waited 41 days to file its mandamus petition and an additional twelve days thereafter to move for a stay.  This 53-day delay in seeking both mandamus relief and a stay "severely undermines [Merrill Lynch's] argument that absent a stay irreparable harm would result." *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993); *see also Levola v. Fischer*, 403 F. App'x 564, 565 (2d Cir. 2010) (a party's delay in seeking relief implies a lack of immediate danger or irreparable harm); *United*

*States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousmen & Helpers of Am., AFL-CIO*, No. 88 Civ. 4486, 1993 WL 321580, *2 (Aug. 18, 1993) ("a [three-week] delay in applying for relief suggests a lack of irreparable harm"). Merrill Lynch's delay makes clear that its motion is merely "a delaying tactic that is inequitable to [plaintiffs] and to the court as well." *Hirschfeld*, 984 F.2d at 39 (quoting *Nassau Blvd. Shell Serv. Station v. Shell Oil Co.*, 869 F.2d 23, 24 (2d Cir. 1989)).

**B.     Injuries of Time and Money Are Not Irreparable Harm Sufficient to Justify a Stay.**

Merrill Lynch's fears that it may expend time and money defending this lawsuit do not justify a stay. "It is well-established that litigation costs do not rise to the level of irreparable injury." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) (internal quotation marks omitted); *see also Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.") (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *McEarchen v. Urban Outfitters, Inc.*, No. 13 Civ. 3569, 2014 WL 2506251, at *4 (E.D.N.Y. June 3, 2014) ("[T]he burden of expending resources to comply with the conditional certification order is not cognizable as irreparable harm."). In any event, "because the certification of a collective at this stage is merely conditional, the parties will continue—with or without a stay, and with or without the dissemination of notice . . . —to engage in discovery and to litigate the merits of whether this action should be resolved on a collective basis." *McEarchen*, 2014 WL 2506251, at *4.

**C.     Speculative Harm Is Not An Irreparable Injury.**

Merrill fails identify to a single instance of imminent and certain harm that will occur if the Court denies its motion. To justify staying proceedings, "the harm must be imminent or

certain, not merely speculative." *Jayaraj*, 66 F.3d at 39; *cf. Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) ("To satisfy the irreparable harm requirement," in analogous preliminary injunction context, the moving party "must demonstrate that . . . they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'") (quoting *Rodriguez v. DeBuono,* 175 F.3d 227, 234-35 (2d Cir.1999)).

Merrill Lynch's purported harms are pure speculation. Merrill Lynch frets that "Plaintiffs' counsel *could* solicit" class members for individual lawsuits upon receipt of the class list. Defs.' Br. at 7 (emphasis added). First, class member contact information is routinely produced in FLSA cases, including prior to conditional certification. *Fei v. WestLB AG*, No. 07 Civ. 8785, 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identit[ies] of potential class members."); *Glatt v. Fox Searchlight Pictures Inc*., No. 11 Civ. 6784, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) ("[C]ourts routinely allow plaintiffs to discover identifying information regarding potential class members.") (quotation omitted); *Zaniewski v. PRRC Inc.*, No. 11 Civ. 1535, 2012 WL 996703, at *1 (D. Conn. Mar. 22, 2012) ("Pre-certification discovery of potential class lists is favored by most cases considering the question, within the contexts of Rule 23, FLSA, or both."). The ability of Plaintiffs' counsel to contact these witnesses, therefore, cannot constitute an irreparable harm sufficient to justify a stay.

Furthermore, Merrill Lynch's concern is largely mooted by Judge Francis's order temporarily staying this action—and in particular the production of the class list—until the present motion is resolved, the Second Circuit denies Merrill Lynch's mandamus petition, or November 2, 2015, whichever comes first. As a practical matter, once Plaintiffs' counsel

receives the class member contact information, that information will be used to disseminate notice as quickly as possible, to avoid further delay.

Merrill Lynch also suggests that "current and former employees *may* erroneously believe that they have a successful cause of action" against Defendants even if the case is later decertified, Defs.' Br. at 8 (emphasis added), but this potential "harm" is "too attenuated" to support staying distribution of notice. *Cf. United States v. New York City Bd. of Educ.*, 620 F. Supp. 2d 413, 417 (E.D.N.Y. 2009) (denying motion to stay judgment where proffered harm— the prospect of layoffs—was too speculative). Moreover, even if the collective were decertified, the opt-in plaintiffs would be entitled to pursue their claims individually.

### D.    Potential Confusion Among Class Members Is Not Irreparable Injury to Merrill Lynch.

Merrill Lynch's argument that issuing notice that may ultimately be withdrawn will confuse collective members is a red herring. First, "issuing notice to the . . . collective that may later require revision . . . . is not an injury to the Defendants." *Glatt*, 2013 WL 5405696, at *4. Second, although the Manual for Complex Litigation ("MCL") suggests that district courts should stay distribution notice to avoid confusion and expense of re-notification following appellate reversal or modification, *see* Manual for Complex Litigation § 21.28 at 387 & n.873 (4th Ed. 2008), it cites a single "abberational case" whose "unusual circumstances . . . find no parallel here." *In re Elec. Books Antitrust Litig.*, Nos. 11 MD 2293, 12 Civ. 3394, 2014 WL 1641699, at *12 (S.D.N.Y. Apr. 24, 2014) (denying moving party's suggestion to follow the MCL approach and stay distribution of class notice because the only case cited in the MCL, *Ramirez v. DeCoster*, 203 F.R.D. 30 (D. Me. 2001), was an outlier where delay in notice was warranted by the unusual procedural posture). The only difference between this case and every other conditionally certified collective is that Merrill Lynch has filed a last-ditch petition for a

15

writ that its own lawyers admitted was a "long shot."  The Court should not allow Merrill

Lynch's borderline-frivolous tactics to delay notice any further.

III.    **Delaying Notice Will Substantially Injure Plaintiffs and Class and Collective Members.**

Merrill Lynch's offer to toll the statute of limitations for potential opt-in plaintiffs ignores

the substantial harm that will result from delaying the progress of this case.  Even if Defendants

agree to toll the statute of limitations, delaying notice until the Second Circuit rules on

Defendants' mandamus petition will substantially harm collective members because it will

prevent them from learning about their rights and taking steps to protect them, will make it

harder to locate class and collective members, and may result in the inadvertent destruction of

evidence.  *See Hargroves v. City of New York*, Nos. 03 Civ. 1668, 03 Civ. 3869, 03 Civ. 5323, 03

Civ. 4646, 2010 WL 3619542, at *3 (E.D.N.Y. Sept. 10, 2010) ("Plaintiffs will suffer more harm

than Defendants if a stay is granted. . . . [A]s the case continues to languish, it may become more

difficult for Plaintiffs to locate documents and witnesses."); *Daniels v. City of New York*, 138 F.

Supp. 2d 562, 565 (S.D.N.Y. 2001) ("To now postpone production of key discovery in the hope

of obtaining an unlikely reversal would only serve to further delay the progress of this lawsuit.

Such delay, in and of itself, would constitute substantial injury to plaintiffs."); *McEarchen*, 2014

WL 25062451, at *4 ("regardless of the existence of any such tolling agreement, a stay will

likely delay the resolution of this litigation").

The cases on which Merrill Lynch relies are not persuasive and are distinguishable.  *See*

Defs.' Br. at 9.  In *Sutherland v. Ernst &Young LLP* , plaintiff's counsel admitted that "the only

harm to her from a stay is a delay in achieving a final resolution of her claim, and that harm may

be fully remedied by an award of pre-judgment interest."  856 F. Supp. 2d 638, 643 (S.D.N.Y.

2012).  Here, further delay in issuing the class list and disseminating notice will substantially

impair Plaintiffs' ability to investigate and prosecute their case. *See Hargroves*, 2010 WL 3619542, at *3 (recognizing that a stay would make it more difficult for plaintiffs to locate documents and witnesses).

*Joseph v. Shell Oil Co.* involved a class of shareholders alleging multiple breaches of fiduciary duty associated with an attempted corporate merger. 498 A.2d 1117, 1120-21 (Del. 1985). The timing of the motion to stay, which occurred at the close of discovery with trial scheduled to begin a few weeks thereafter, meant that the potential prejudice to the opposing party was reduced. *Id.* at 1124. Here, by contrast, the proposed stay will injure Plaintiffs' substantive rights because it will effectively halt class discovery, allowing contact information to grow stale, Plaintiffs' memories to fade, and evidence to be lost or destroyed. *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (holding that a lengthy stay would result in prejudice to the plaintiff); *Hargroves*, 2010 WL 3619542, at *3 (noting that a stay would prejudice plaintiffs by making it more difficult to locate documents and witnesses).

Finally, *Clinton v. Jones* actually supports Plaintiffs' position. There, the Supreme Court weighed the "not immoderate" delay to the plaintiff against "[t]he high respect that is owed to the office of the Chief Executive" as "a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton*, 520 U.S. at 707. The Supreme Court concluded that it was an abuse of discretion for the district court to defer the trial until after the President left office. *Id.* The Supreme Court noted that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Id.* at 707-08.

**IV.** **Staying This Action Would Be Contrary To The Public Interest.**

Granting Merrill Lynch's motion to stay this action is against the public interest.
Delaying notice will substantially impair Plaintiffs' ability to notify class members of their rights
and goes against the public policy favoring prompt resolution of FLSA collective actions.  "[I]t is
manifestly a matter of public policy that collective wage claims should normally proceed without
unnecessary delay."  *McEarchen*, 2014 WL 2506251, at *4; *see also Braunstein v. E.
Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (prompt notice to class and collective
members comports with the "broad remedial purpose" of the Fair Labor Standards Act);
*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, J.) (courts have
long "endorsed sending of notice early in the proceeding, as a means of facilitating the FLSA's
broad remedial purpose and promoting efficient case management.").

Merrill Lynch argues that granting a stay will allow the Second Circuit to "clarify"
whether the standard for conditional certification applied in *Glatt* also applies to
misclassification claims, but, as explained above, *Glatt* affirmed the lenient standard for
authorizing notice in a FLSA case.  *Glatt*, 791 F.3d at 387 (citing *Myers*, 624 F.3d at 555).
Moreover, in the unlikely event that the Second Circuit decides to hear Merrill Lynch's petition,
"a stay would not resolve [the question] any sooner.  And if the Second Circuit declines the
[petition], a stay will only have delayed the time until Defendants have a final judgment they can
appeal."  *Glatt*, 2013 WL 5405696, at *4.

Merrill Lynch's claim that a stay in this matter will not be against the public interest
because this matter is not a "controversial" matter of "public concern," Defs.' Br. at 9-10,

ignores the remedial purpose of the FLSA.[5]  Ensuring timely dissemination of notice in a FLSA

case—a critical part of the collective action process endorsed by the Second Circuit—will

advance the public interest.  *McEarchen*, 2014 WL 2506251, at *4 ("in light of the legislature's

remedial goal in permitting collective litigation of the kind of wage claims at issue here, as well

as the established law setting a relatively low bar for allowing such claims to proceed

collectively . . . collective wage claims should normally proceed without unnecessary delay").

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court (1) deny

Defendants' request for a stay; (2) order Defendant to produce the class contact information

originally scheduled to be produced on October 1, 2015 within three days of the Court's Order

denying the stay; (3) order that notice be distributed within 10 days of the Court's Order denying

the stay; (4) cancel the stay established by Judge Francis's Order of September 29, 2015; and (5)

direct the parties to resume litigation of this matter.


Dated: October 2, 2015
        New York, New York

                                    Respectfully submitted,

                                    By: /s/ Justin M. Swartz
                                        Justin M. Swartz

                                    **OUTTEN & GOLDEN LLP**
                                    Justin M. Swartz
                                    Juno Turner
                                    3 Park Avenue, 29th Floor
                                    New York, NY 10016
                                    Telephone: (212) 245-1000
                                    Facsimile:  (646) 509-2060

---

[5]      Merrill Lynch cites to cases involving racial profiling and First Amendment rights as
matters of public concern where the public interest may outweigh the need for a stay, *see* Defs.'
Br. at 10, but those examples are by no means the sole circumstances where the balance of public
and private interests weighs against staying litigation.

Katrina L. Eiland (admitted *pro hac vice*)
1 Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (347) 390-2187


**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

***Attorneys for Plaintiffs***

20