UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ANDREW BLUM, et al.,

                  Plaintiffs,

-against-

MERRILL LYNCH & CO., INC., et al.,

                  Defendants.

------------------------------------------------------------ x

ORDER

15 Civ. 01636 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendants have filed a Petition for Writ of Mandamus with the Second Circuit seeking to reverse this Court's Order granting Plaintiffs' Motion for Conditional Certification (ECF No. 84). Defendants now move that this Court stay its July 31, 2015 Order, as well as Judge Francis's September 17, 2015 Order requiring Defendants to produce class member contact information (ECF No. 94). Defendants' motion is DENIED.

## I. LEGAL STANDARD FOR GRANTING A STAY

Courts consider four factors when determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . . ; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 418–19 (2009) (alterations in original) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord SEC v. Daspin*, 557 F. App'x 46, 47–48 (2d Cir. 2014).

The first two factors are "most critical." *Nken*, 556 U.S. at 434. "The degree to which a factor must be present varies with the strength of the others." *Daspin*, 557 F. App'x at 48.

Specifically, the "'probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.'" *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

The first factor—likelihood of success on the merits—can be satisfied when "there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips *decidedly* in its favor." *In re A2P SMS Antitrust Litig.*, No. 12 Civ. 02656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (quoting *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). "A 'serious questions' standard is particularly appropriate when a district court is asked to stay its own order; under such circumstances, the court has already determined that the applicant failed to succeed on the merits." *Id.*

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

Defendants have not shown that they are likely to succeed on the merits. "Mandamus is a remedy rarely granted by [the Second Circuit]." *In re Dow Corning Corp.*, 261 F.3d 280, 285 (2d Cir. 2001). "[The Second Circuit] will grant a mandamus petition only where the petitioner's right to relief is 'clear and indisputable.'" *In re F.C.C.*, 217 F.3d 125, 134 (2d Cir. 2000) (quoting *In re Int'l Bus. Machs. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995)). Defendants' principal argument in support of their position, that they have a strong likelihood of success on the merits of their petition for a writ of mandamus, is that the facts here are similar to those in *Glatt v. Fox Entertainment Group, Inc.*, 791 F.3d 376 (2nd Cir. 2015). There the Second Circuit reversed an order granting conditional collective action certification. In *Glatt*, the Second Circuit held that the proper analysis for determining whether an unpaid intern is an employee under the FLSA is the primary-beneficiary test, "a highly individualized inquiry" not subject to generalized proof.

*Glatt*, 791 F.3d at 383–86. The principal question in this case, however, is not whether Plaintiffs were employees under the FLSA. Instead, it is whether Plaintiffs were exempt from federal overtime requirements. (*See* Compl. ¶53, ECF No. 1; Defs.' Mem. of Law in Supp. of Mot. to Dismiss 2, ECF No. 29). Therefore, Defendants have not made a sufficiently strong showing that there is a serious question going to the merits of the dispute.

## III. THE PUBLIC INTEREST AND INJURY TO PLAINTIFFS

The third and fourth factors also weigh against granting a stay. The issuance of a stay will substantially injure Plaintiffs. Delayed notice would make it more difficult to locate class and collective members, and delay in the progress of this action would itself constitute substantial injury to Plaintiffs. *See Daniels*, 138 F. Supp. 2d at 565. Moreover, granting the stay would be contrary to the public interest. Public policy favors the prompt resolution of FLSA collective actions. *See McEarchen v. Urban Outfitters, Inc.*, No. 13 Civ. 03569, 2014 WL 2506251, at *4 (E.D.N.Y. June 3, 2014) ("[I]t is manifestly a matter of public policy that collective wage claims should normally proceed without unnecessary delay."). Defendants argue that "[i]f a stay is granted, the Second Circuit will have the opportunity to clarify the standard for conditional certification . . . in a case regarding alleged misclassification of employees as exempt from overtime." (Mem. in Supp. of Defs.' Mot. to Stay 9, ECF No. 96.) This argument is unpersuasive. "Should the Second Circuit decide to hear Defendants' appeal[], a stay would not resolve th[at] appeal[] any sooner. And if the Second Circuit declines the appeal[], a stay will only have delayed the time until Defendants have a final judgment they can appeal." *Glatt*, 2013 WL 5405696, at *4.

-3-

## IV. IRREPERABLE INJURY

Defendants have not shown that they will be irreparably injured absent a stay. In the absence of a stay, Defendants will have to produce the names and contact information of all proposed FLSA collective action members. Defendants argue that this information will allow Plaintiffs' counsel to solicit the members of the putative class to bring individual lawsuits against Defendants. They cannot prevail on this argument, however, because irreparable harm "must be imminent or certain, not merely speculative." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995). Moreover, "it is well established that 'litigation costs do not rise to the level of irreparable injury.'" *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 06784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) (quoting *Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001)). Finally, class members' confusion that may result from the issuance of improper notice is not a harm to Defendants, let alone an irreparable one. *Glatt*, 2013 WL 5405696, at *4 ("Defendants also argue that issuing notice to the class or collective that may later require revision may confuse class and collective action members. But this is not an injury to the Defendants.") As all four factors that courts evaluate when determining whether to grant a stay weigh against issuing such a stay, Defendants' motion is denied.

## V. CONCLUSION

Defendants' motion to stay this Court's July 31, 2015 Order granting Plaintiffs' Motion for Conditional Certification, and Judge Francis's September 17, 2015 Order requiring Defendant Merrill Lynch to produce class member contact information, is DENIED. Within two weeks of this Order, Defendants shall provide to Plaintiffs' counsel a class list, including, for all proposed FLSA collective action members, each individual's last known mailing address and, to the extent available through Defendants' human resources records, each individual's email address.

The Clerk of the Court is directed to close the motion at ECF No. 95.

Dated: October 22, 2015
    New York, New York

OCT 22 2015

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge