USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 04 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONNI REIBURN, SAMUEL JORGENSON, CELESTE OROZCO, DERRICK CHAMBERS, SCOTT RATAJCZAK, and VANESSA DUCHMAN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,

    Defendants.

Case No: 1:15-cv-02960 (GBD)(JCF)

**JOINT STIPULATION AND [REDACTED] ORDER FOR COURT-AUTHORIZED NOTICE**

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW BLUM and ZAQ HARRISON, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION,

    Defendants.

Case No: 1:15-cv-01636 (GBD)(JCF)

---

The parties, by and through their counsel of record, do hereby stipulate and agree as follows:

**WHEREAS,** on June 25, 2015, Plaintiffs in *Blum v. Merrill Lynch, et al.*, Case No. 15-cv-01636 (GBD)(JCF) (hereinafter "*Blum*") filed a Motion for Conditional Certification and

Court-Authorized Notice pursuant to 29 U.S.C. § 216(b) (Dkt. #64) ("Blum Conditional Certification Motion");

**WHEREAS,** on July 31, 2015, the Court granted the Blum Conditional Certification Motion (Dkt. #84);

**WHEREAS,** Defendants produced certain contact information for members of the conditionally-certified FLSA collective for *Blum* on December 4, 2015 (Dkt. #115, #118);

**WHEREAS,** on October 9, 2015, Plaintiffs in *Reiburn v. Merrill Lynch, et al.*, Case No. 15-cv-02960 (hereinafter "*Reiburn*") filed a Motion for Conditional Certification and Court-Authorized Notice pursuant to 29 U.S.C. § 216(b) (Dkt. #42-44) ("Reiburn Conditional Certification Motion");

**WHEREAS,** pursuant to the Court's December 7, 2015 Memo Endorsement, Defendants' deadline to respond to Plaintiffs' Motion for Conditional Certification in *Reiburn* is December 18, 2015;

**WHEREAS,** the parties, through their respective counsel, have conferred in good faith regarding notices to the members of the putative collective action for both *Blum* and *Reiburn* and have reached an agreement with respect to issuing notice to members of the collective groups in both *Blum* and *Reiburn*;

**NOW THEREFORE,** the parties hereby stipulate and agree as follows:

1. Defendants consent to conditional collective action certification and having court-facilitated notice sent to members of the putative collective group in *Reiburn*, as set forth below;

2. One form of notice will be distributed to individuals who are members only of the putative collective group in *Blum*; one form of notice will be distributed to individuals who are members only of the putative collective group in *Reiburn;* and one form of notice will be

distributed to individuals who are members of both the putative collective group in *Blum* and *Reiburn*;

3.    The *Reiburn* notice and the notice to the individuals who are members of both putative collective groups shall take substantially the same format as that previously agreed to by the Parties in *Blum* and the Parties shall meet and confer as to any necessary changes.

4.    The notices shall be distributed consistent with the Court's order dated September 17, 2015 (*Blum* Dkt. No. 95);

5.    After notice is distributed in *Reiburn* and *Blum*, the putative collective group will have 60 days to opt-in to either or both cases and, during this 60-day period, up to two reminders may be sent to individuals who have not yet opted in;

6.    On or before December 31, 2015, Defendants' counsel will provide a list to Plaintiffs' counsel of each member of the putative collective group in *Reiburn*, which will include their last known address, and last known e-mail address to the extent available through Defendants' human resources records;

7.    Plaintiffs' counsel will not send out notice to members of the putative collective groups before January 15, 2016; and

8.    Notwithstanding the forgoing, this Stipulation shall not constitute a waiver of or limitation on any claims or defenses the parties may have, including, but not limited to, Defendants' right to later move for decertification of the collective actions or otherwise oppose any motion for "final" certification of a collective action under 29 U.S.C. § 216(b).

**STIPULATED AND AGREED:**

Dated: December /8, 2015

Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100
pagoldstein@mcguirewoods.com
*Attorneys for Defendants*

Dated: December /8, 2015

Justin M. Swart
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000
jms@outtengolden.com
*Attorneys for Plaintiffs*

Dated: December ____, 2015

JAN 04 2016

SO ORDERED:

Hon. George B. Daniels, USDJ